IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation; ERIN PATTERSON, individually; GABRIEL BISER, individually; and JAMES WELCH, individually, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>WAYNE NABORS, in his official capacity as County Clerk of Putnam County, Tennessee; LISA DUKE CROWELL, in her official capacity as County Clerk of Rutherford County, Tennessee; WILLIAM KNOWLES, in his official capacity as County Clerk of Hamilton County, Tennessee; ELAINE ANDERSON, in her official capacity as County Clerk of Williamson County, Tennessee; and HERBERT H. SLATERY, III, in his official capacity as Attorney General of the State of Tennessee. <br><br>　　　　Defendants. | CIVIL ACTION NO.: 2:19-cv-00049 <br> Chief Judge Waverly D. Crenshaw <br> Magistrate Judge Alistair Newbern |

**WILLIAMSON COUNTY CLERK ELAINE ANDERSON, HAMILTON COUNTY CLERK WILLIAM KNOWLES, PUTNAM COUNTY CLERK WAYNE NABORS AND RUTHERFORD COUNTY CLERK LISA DUKE CROWELL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE RULE 12 MOTION TO DISMISS**

　　　　Come Williamson County Clerk Elaine Anderson; Hamilton County Clerk William Knowles; Putnam County Clerk Wayne Nabors; and Rutherford County Clerk Lisa Duke Crowell, in their official capacities (hereinafter "the County Clerks"), and

pursuant to this Court's Order dated July 3, 2019 (Doc. 53) submit this Memorandum of Law in support of their request that this Court grant leave for them to file a Rule 12 Motion to Dismiss the claims against them[1]. The County Clerks file this motion in advance of the Case Management Conference set for July 19, 2019 in the interest of moving the litigation forward as expeditiously as possible, as directed by the Court. While the County Clerks recognize that the Court has directed the parties to focus on moving toward a trial on the merits, the County Clerks would submit that they have no interest in the outcome of this litigation and take no position on the merits of the litigation, and that therefore their participation in a trial on the merits would not be in the interest of justice or judicial efficiency.[2]

The County Clerks would show that they should be permitted to present an early Rule 12 motion arguing that Plaintiffs have failed to state a claim upon which relief can be granted where the Amended Complaint does not allege that they have taken any action, or failed to take any action, that has caused harm to Plaintiffs. The County Clerks would further show that allowing them to seek early dismissal of the claims against them will help to expedite, rather than prolong, this litigation by eliminating claims against parties who are not proper parties to the litigation.

The Amended Complaint filed in this action makes no allegation related to the County Clerks other than that they are the "duly elected and serving County Clerk[s] of

---

[1] The County Clerks have consulted with all parties regarding this Motion and Plaintiffs have indicated that they intend to oppose it.
[2] The County Clerks would note that Attorney General Slatery has expressed an intention to seek leave to file his own Motion to Dismiss as to a number of threshold issues. As to the County Clerks, such a Motion is certainly appropriate where they have no interest in the merits and the threshold issues of failure to state a claim and justiciability will likely be dispositive the claims against them.

2

their respective counties, and are sued in their official capacities." (Doc. 55, Paras. 8-11). The only other portion of the Amended Complaint that even mentions Williamson County is as follows: "Rev. Patterson agreed to perform a marriage for a couple who resides in Williamson County, Tennessee, on October 5, 2019. She arranged to meet with the bride June 9, 2019, to plan for the ceremony. However, after learning of 2019 Public Chapter 415, Rev. Patterson cancelled the meeting and told the couple she could not perform the marriage." (Doc. 55, Para. 32). As to Rutherford County, the only factual allegations are as follows: "Rev. Patterson resides in Rutherford County, Tennessee. She has performed multiple weddings in Rutherford County and plans to perform more. Prior to the enactment of 2019 Public Chapter 415, she had begun coordinating with local zoning authorities to make changes to her approximately eight-acre property that would allow her to host weddings. 2019 Public Chapter 415 has caused Rev. Patterson to halt these plans." (Doc. 55, Para. 33). As to Hamilton County, the Amended Complaint alleges only: "A same-sex couple asked Rev. Biser to perform their marriage in Hamilton County, Tennessee, scheduled for August 2019. Rev. Biser agreed, but canceled after learning of 2019 Public Chapter 415. Rev. Biser resides in Hamilton County and intends to solemnize weddings there in the future." (Doc. 55, Paras. 37-38). And as to Putnam County, the Amended Complaint alleges only: "Rev. Welch has agreed to solemnize a wedding on Center Hill Lake on July 6, 2019. The approaching effective date of 2019 Public Chapter 415 has forced the couple to begin making alternative arrangements. Rev. Welch resides in Putnam County and intends to solemnize weddings there in the future." (Doc. 55, Paras. 41-42).

The Amended Complaint does not allege that any of the County Clerks took action to preclude the subject marriage licenses from issuing, nor does it allege that any of the County Clerks refused to record any of the marriage certificates. Rather, the Amended Complaint alleges that the individual Plaintiffs unilaterally chose not to perform ceremonies based upon the passage of the new law, over which the County Clerks have no control. Further, the Amended Complaint does not allege that the County Clerks have any enforcement authority with regard to any of the criminal penalties recited in the Amended Complaint. (See generally, Doc. 55).

Allowing the County Clerks to pursue a Motion to Dismiss will facilitate, rather than undermine, the fulfillment of the Court's expectation that the interested parties move expeditiously toward a trial on the merits. A Motion to Dismiss as to the County Clerks is an appropriate vehicle in this litigation because there is simply no justiciable issue presented for the Court's consideration as to these Defendants. Plaintiffs have not identified <u>any</u> conduct or anticipated conduct, much less unlawful or unconstitutional conduct, by the County Clerks, nor have they identified any causal connection between the alleged injury and any action or inaction of the County Clerks. The County Clerks did not promulgate the statute challenged by Plaintiffs nor are they responsible for enforcing it. Plaintiffs have not identified any policy, practice or custom of the County Clerks, who are sued in their official capacities, that deprived Plaintiffs of any right. The County Clerks have a purely ministerial duty to issue marriage licenses and to record and certify marriage certificates. They are not required, and, even more importantly, are not even authorized, to inquire as to an officiant's compliance with the criteria of the statute challenged by Plaintiffs. Further, the County Clerks are not authorized to take

enforcement action with regard to perceived violations.  Thus, the County Clerks named in this litigation have no more stake in the outcome of this litigation than any of the other 91 county clerks in the state and should be permitted to argue, as a threshold matter, that they are not proper defendants.

Under *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007), dismissal under Rule 12 is proper where there are no factual allegations against a Defendant stating a claim that is plausible on its face.  A claim is "plausible" when the pleaded factual context allows the Court to draw a reasonable influence that the Defendant is liable for misconduct alleged.  Id at 556.  Rule 12 allows a defendant to test whether a plaintiff is entitled to relief even if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the U.S. Supreme Court noted that where a Complaint does not establish a plausible entitlement to relief, particularly where such a claim involves government officials, it is not appropriate to allow a claim to go forward, forcing such official to participate in litigation.

Here, the County Clerks take no position as to whether Plaintiffs are entitled to declaratory relief, but submit that such relief cannot be awarded as against these Defendants.  Likewise, the County Clerks, who had no role in passage of the challenged legislation and have no authority to enforce it, should not be required to remain parties to litigation in which they have no stake.  This is particularly true in the instant case where Plaintiffs, despite having failed to articulate any basis for relief against the County Clerks, appear to have sought to recover attorney's fees and costs against *all* Defendants, including the County Clerks, who are nominal parties at best.  The County Clerks—and, more importantly, the taxpayers residing in their respective counties—should not be

forced to incur costs and attorney's fees, and to face the specter of Plaintiffs' claims for recovery of costs and attorney's fees against them, throughout the course of a trial on the merits in which they have no stake.

A Rule 12 Motion to Dismiss will facilitate prompt disposition of these proceedings on the merits. The County Clerks' initial responsive pleading to the Amended Complaint would be due on July 22, 2019, and the County Clerks will be ready to file their Motion on that date. With an ordinary briefing schedule, the briefing would close on the Motion to Dismiss by the end of August. The County Clerks are willing to file a single joint motion, thus eliminating the need for Plaintiffs to respond to four separate briefs.

The County Clerks, and the taxpayers in their counties, should not bear the burden of litigation costs and attorney's fees related to a case in which they have no interest. Allowing the County Clerks an opportunity to file a Motion to Dismiss and to raise their Rule 12 arguments early in the proceedings will facilitate an orderly progression of the Plaintiffs' claims by allowing those parties who actually have a stake in the litigation – Plaintiffs and the Attorney General – to move toward trial on the merits. The inclusion in the trial preparation process of four additional parties, each represented by their own counsel, will present scheduling challenges that could easily be eliminated by early consideration of Motions to Dismiss on behalf of these parties.

Respectfully submitted,


/s/Lisa M. Carson
Lisa M. Carson, BPR# 14782
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Elaine Anderson, in her official capacity as County Clerk of Williamson County, Tennessee*
306 Public Square
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lcarson@buergerlaw.com

/s/ Mary Neill Southerland
Mary Neill Southerland, BPR No. 1583
*Attorney for Defendant William Knowles, in his official capacity as County Clerk of Hamilton County, Tennessee*
204 Courthouse, 625 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 209-6150
Email: neills@hamiltontn.gov

/s/ Nicholas C. Christiansen
Nicholas C. Christiansen, BPR No. 30103
*Attorney for Defendant Lisa Duke Crowell, in her official capacity as County Clerk of Rutherford County, Tennessee*
16 Public Square North
Murfreesboro, TN 37133
Telephone: (615) 893-552
Email: nchristiansen@mborolaw.com


/s/Jeffrey G. Jones
Jeffrey G. Jones
*Attorney for Defendant Wayne Nabors, in his official capacity as County Clerk of Putnam County, Tennessee*
1420 Neal Street
Cookeville, TN 38501
Email: jjones@wimberlylawson.com

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of July, 2019, a true and correct copy of the foregoing document was electronically filed utilizing the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below and on the electronic filing receipt.

Rocklan W. King, III
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, TN 37219
Phone: (615) 259-1450
Email: rocky.king@arlaw.com

Lucian T. Pera
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Phone: (901) 524-5278
Email: Lucian.pera@arlaw.com
Bruce E.H. Johnson
Ambika K. Doran
Robert E. Miller
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: (206) 622-3150
Email: brucejohnson@dwt.com
       ambikadoran@dwt.com
       robertmiller@dwt.com

Jeffrey G. Jones
Attorney for Wayne Nabors, in his official capacity as
Clerk of Putnam County, Tennessee
1420 Neal Street
Cookeville, TN 38501
jjones@wimberlylawson.com

Nicholas Christiansen
Attorney for Lisa Duke Crowell, in her official capacity as
Clerk of Rutherford County, Tennessee
16 Public Square North
Murfreesboro, TN 37133
nchristiansen@mborolaw.com

Mary Neill Southerland
Attorney for William Knowles, in his official capacity as
Clerk of Hamilton County, Tennessee
204 Courthouse, 625 Georgia Avenue
Chattanooga, TN 37402
neills@hamiltontn.gov

Leslie Ann Bridges
Senior Deputy and Counsel to the
Attorney General of the State of Tennessee
301 6th Avenue North
Nashville, TN 37243
Leslie.Bridges@ag.tn.gov

Jonathan David Shaub
Assistant Solicitor General to the
Attorney General of the State of Tennessee
301 6th Avenue North
Nashville, TN 37243
Jonathan.shaub@ag.tn.gov

                                                /s/Lisa M. Carson_____