IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNIVERSAL LIFE CHURCH ) | |
| MONASTERY STOREHOUSE, ET AL. ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:19-cv-00049 |
| ) | Chief Judge Waverly D. Crenshaw |
| WAYNE NABORS, ET AL. ) | Magistrate Judge Alistair Newbern |
|     Defendants. ) | |

## ANSWER OF WILLIAMSON COUNTY CLERK ELAINE ANDERSON TO SECOND AMENDED COMPLAINT

Comes Defendant Williamson County Clerk Elaine Anderson, in her official capacity (hereinafter "Mrs. Anderson") and for answer to the Second Amended Complaint filed against her would show to the Court as follows:

1. Mrs. Anderson admits that Plaintiffs seek declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Tennessee Constitution to invalidate and enjoin certain provisions of Tenn. Code Ann. § 36-3-301, as amended by Tennessee 2019 Public Chapter 415, which Plaintiffs claim violates the constitutional rights of Universal Life Church Monastery Storehouse (hereinafter "ULC Monastery"), its ministers, and persons who wish to have their marriages solemnized by the Church's ministers. Mrs. Anderson denies that she is an appropriate defendant and denies that Plaintiffs are entitled to any of the relief sought against her.

2. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2.

1

3. The contents of Tenn. Code Ann. § 36-3-301, as amended by Public Chapter 415, speak for themselves. Mrs. Anderson avers that she played no role in the drafting or passage of these provisions, and takes no position regarding the manner the state deems acceptable for solemnizing marriages. Mrs. Anderson expressly denies that she has engaged in any discrimination against ULC Monastery ministers or that she has restricted their protected speech or religious exercise. She further denies that any action or inaction on her part "unconstitutionally grants a preference to certain religions, burdens ULC Monastery's and its members' free exercise of religion, [or] violates the Church's and its ministers' freedom of speech."

4. Mrs. Anderson admits on information and belief the allegations of paragraph 4.

5. Mrs. Anderson admits on information and belief the allegations of paragraph 5.

6. Mrs. Anderson admits on information and belief the allegations of paragraph 6.

7. Mrs. Anderson admits on information and belief the allegations of paragraph 7.

8. Mrs. Anderson admits on information and belief the allegations of paragraph 8.

9. As the allegations of paragraph 9 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

10. As the allegations of paragraph 10 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

11. As the allegations of paragraph 11 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

12. Mrs. Anderson admits that she is the County Clerk of Williamson County, Tennessee and that Plaintiffs purport to sue her in her official capacity. Mrs. Anderson denies that she is an appropriate defendant and denies that Plaintiffs are entitled to any of the relief sought against her.

13. As the allegations of paragraph 13 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

14. As the allegations of paragraph 14 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

15. As the allegations of paragraph 15 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

16. As the allegations of paragraph 16 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

17. As the allegations of paragraph 17 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

18. As the allegations of paragraph 18 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

19. Mrs. Anderson admits that Plaintiffs purport to bring this action under the United States Constitution as well as the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, but denies that Plaintiffs have presented a justiciable case or controversy as to Mrs. Anderson and further denies that Plaintiffs have stated a claim against her.

20. Mrs. Anderson denies that this Court has subject matter jurisdiction over claims against her, where Plaintiffs have not presented a justiciable case or controversy against her and she is entitled to immunity under the Eleventh Amendment to the extent she acts as a state official.

21. Mrs. Anderson denies that the Court has supplemental jurisdiction over the state law claims. Because Plaintiffs' federal claims are subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), there is no basis for supplemental jurisdiction.

22. Mrs. Anderson admits that the Second Amended Complaint alleges events occurring in this District, and that at least one Defendant resides in this District.

23. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 23.

24. Mrs. Anderson admits the allegations of paragraph 24 on information and belief.

25. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 25. Mrs. Anderson admits on information and belief that ULC Monastery publishes a blog which has characterized Williamson County as accepting of its ministers.

26. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 26.

27. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 27.

28. The contents of Tenn. Code Ann. § 36-3-301, as amended by Public Chapter 415, speak for themselves. Mrs. Anderson avers that she played no role in the drafting or passage of these provisions.

29. The allegations of paragraph 29 are admitted.

30. The allegations of paragraph 30 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. Mrs. Anderson denies that she has violated the rights of any Plaintiff.

31. The contents of Tenn. Code Ann. § 36-3-303 and Tenn Code. Ann. § 39-16-504 speak for themselves. On information and belief, Mrs. Anderson denies that any of the Plaintiffs

have been subjected to or threatened with criminal liability for violating Tenn. Code Ann. § 36-3-301. In any event, Mrs. Anderson does not have any authority to enforce any criminal laws in Tennessee.

32. The allegations of paragraph 32 of the Second Amended Complaint are denied to the extent they are directed toward Mrs. Anderson. Mrs. Anderson has not discriminated against any ULC Minister. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. Mrs. Anderson denies that she has violated the rights of any Plaintiff.

33. The allegations of paragraph 33 of the Second Amended Complaint are denied to the extent they are directed toward Mrs. Anderson. Mrs. Anderson is a ministerial official and denies that she favors or disfavors any religious groups in the exercise of her ministerial duties as county clerk. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. Mrs. Anderson denies that she has violated the rights of any Plaintiff.

34. The allegations of paragraph 34 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. Mrs. Anderson lacks sufficient information to form a belief as to whether the referenced law has the alleged impact on ULC Monastery but avers that she has neither taken any action, nor failed to take any action, having such impact.

35. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 35.

36. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 36.

37. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 37.

38. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 38. Mrs. Anderson avers that she did not play any role in any decision by Plaintiff Patterson not to perform a marriage. Plaintiff Patterson did not communicate with the Williamson County Clerk's office regarding this or any other marriage. If Plaintiff Patterson unilaterally decided not to marry a Williamson County couple, such decision was not caused by any act or omission of Mrs. Anderson.

39. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 39.

40. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 40.

41. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 41.

42. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 42.

43. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 43.

44. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 44.

45. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 45.

46. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 46.

47. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 47.

48. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 48.

49. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 49.

50. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 50.

51. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 51.

52. Mrs. Anderson admits that a couple who plans to marry in Tennessee may obtain a marriage license from a county clerk. As to the remaining allegations of paragraph 52, the contents of the cited statutes speak for themselves.

53. The content of Tenn. Code Ann. § 36-3-103 speaks for itself.

54. The allegations of paragraph 54 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that she has told ULC Ministers that they may not solemnize marriages, dissuaded them from performing marriages or refused to issue marriage licenses to couples whose marriages were

to be solemnized by a ULC minister. Mrs. Anderson lacks sufficient information to admit or deny whether any other county clerk in the state of Tennessee has done so.

55. As the allegations of paragraph 55 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

56. Mrs. Anderson denies that she has refused to issue marriage licenses to ULC ministers or that she has advised ministers that they lack authority to perform weddings. Mrs. Anderson admits that the Attorney General has issued the referenced opinions. As the remaining allegations of paragraph 56 do not pertain to this Defendant, no response is made thereto.

57. As the allegations of paragraph 57 of the Second Amended Complaint do not pertain to this Defendant, no response is made thereto.

58. All previous responses are incorporated herein.

59. The content of the First Amendment speaks for itself.

60. The case law quoted in paragraph 60 speaks for itself.

61. The allegations of paragraph 61 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

62. The allegations of paragraph 62 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she

enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

63. The allegations of paragraph 63 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

64. The allegations of paragraph 64 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992). Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

65. All previous responses are incorporated herein.

66. The content of the Fourteenth Amendment speaks for itself.

67. The content of Tenn. Code Ann. § 36-3-301 and Public Chapter 415 speak for themselves. The allegations of paragraph 67 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she

9

Case 2:19-cv-00049   Document 112   Filed 09/26/19   Page 9 of 20 PageID #: 754

enforced or threatened to enforce the statute. Mrs. Anderson denies that she has violated the rights of any Plaintiff.

68. As the allegations of paragraph 68 are directed to the intentions of the state legislature rather than any act, omission, or intention of Mrs. Anderson, no response is made thereto, as Mrs. Anderson has no personal knowledge of the legislature's intent.

69. The allegations of paragraph 69 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

70. All previous responses are incorporated herein.

71. The content of the First Amendment speaks for itself.

72. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegation that many of ULC Monastery's ministers choose to minister by solemnizing marriages. The remaining allegations of paragraph 72 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

73. The allegations of paragraph 73 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the

law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

74. The allegations of paragraph 74 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

75. All previous responses are incorporated herein.

76. The content of the First Amendment speaks for itself.

77. The allegations of paragraph 77 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

78. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 78.

79. The allegations of paragraph 79 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act

of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

80. The allegations of paragraph 80 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

81. All previous responses are incorporated herein.

82. The content of Article 1, Section 3 of the Tennessee Constitution speaks for itself.

83. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegation that ordination of ministers is central to ULC Monastery's ministry and outreach. The remaining allegations of paragraph 83 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

84. The allegations of paragraph 84 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

85. All previous responses are incorporated herein.

86. The content of the Tennessee Constitution speaks for itself.

87. The case law quoted in paragraph 87 speaks for itself.

88. The allegations of paragraph 88 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992). Mrs. Anderson denies that she has violated the rights of any Plaintiff.

89. Mrs. Anderson lacks sufficient information to form a belief as to the truth of the allegations in paragraph 89.

90. The allegations of paragraph 90 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

91. All previous responses are incorporated herein.

92. The content of the Fourteenth Amendment speaks for itself.

93. The case law quoted in paragraph 93 speaks for itself.

94. The case law quoted in paragraph 94 speaks for itself.

95. The allegations of paragraph 95 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

96. The allegations of paragraph 96 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

97. The allegations of paragraph 97 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

98. All previous responses are incorporated herein.

99. The content of Article VI of the U.S. Constitution speaks for itself.

100. The allegations of paragraph 100 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she

14

Case 2:19-cv-00049   Document 112   Filed 09/26/19   Page 14 of 20 PageID #: 759

enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

101. The allegations of paragraph 101 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

102. All previous responses are incorporated herein.

103. The content of the Tennessee Constitution speaks for itself.

104. The allegations of paragraph 104 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

105. All previous responses are incorporated herein.

106. The case law quoted in paragraph 106 speaks for itself.

107. The allegations of paragraph 107 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson is not responsible for the promulgation or amendment of Tenn. Code Ann. § 36-3-301, nor has she enforced or threatened to enforce the statute. As a ministerial officer, she does not interpret the law, although Tennessee law requires public officials to presume the constitutionality of every act

of the legislature until judicially declared otherwise. *See Huntsville Util. Dist. of Scott Cnty. v. Gen. Trust Co.*, 839 S.W.2d 397, 404 (Tenn. Ct. App. 1992).

108. The allegations of paragraph 108 of the Second Amended Complaint are denied to the extent they are directed toward Williamson County Clerk Elaine Anderson. Mrs. Anderson denies that Plaintiffs are entitled to any of the relief sought against her.

109. Mrs. Anderson denies that Plaintiffs are entitled to the relief sought as to Mrs. Anderson, although Mrs. Anderson takes no position on, and neither supports nor opposes, Plaintiff's request related to restraining and enjoining enforcement of the referenced statute. Mrs. Anderson neither promulgated nor enforced the referenced statute, and as a ministerial officer has no role in interpreting or defending its constitutionality.

110. All allegations not previously admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a claim upon which relief can be granted with regard to the claims against Mrs. Anderson.

2. Mrs. Anderson acts as a state official in fulfilling her duties with respect to marriage licenses and she is immune to the claims against her under the Eleventh Amendment. The *Ex Parte Young* exception does not apply where Mrs. Anderson lacks authority to enforce the challenged statute and has not enforced or threatened to enforce it.

3. The claims against Mrs. Anderson should be dismissed under Rule 12(b)(1) because there is no justiciable case or controversy before the Court as to Mrs. Anderson.

4. The claims against Mrs. Anderson should be dismissed for lack of standing. Plaintiffs cannot establish an injury in fact, a causal connection between any injury and any action or inaction of Mrs. Anderson, or that a favorable judgment against Mrs. Anderson would redress

any alleged injury. There is no allegation that Mrs. Anderson has taken or threatened to take any action that would present a substantial likelihood of causing harm to Plaintiffs. Neither Mrs. Anderson nor Williamson County dictate the laws of the State of Tennessee. Mrs. Anderson did not promulgate the statute challenged by Plaintiffs nor is she responsible for, or even authorized to take, enforcement action with regard to perceived violations.

5. Plaintiffs cannot establish a justiciable controversy because Mrs. Anderson does not have a "real and adverse" interest to Plaintiffs.

6. The claims against Mrs. Anderson should be dismissed under Rule 12(b)(6) because Plaintiffs have failed to plead facts stating a claim against Mrs. Anderson. Plaintiffs do not allege, nor could they, that Mrs. Anderson is responsible for the promulgation of the challenged statute or any amendment thereto. Plaintiffs have not alleged that Mrs. Anderson has engaged in enforcement of that statute or that she has authority to do so. Plaintiffs have not alleged any misconduct on the part of Mrs. Anderson nor have they connected any action or inaction of Mrs. Anderson with any violation of their rights.

7. If Mrs. Anderson acts as a county official in fulfilling her duties with respect to marriage licenses, then the claims against Mrs. Anderson under 42 U.S.C. § 1983 should be dismissed under Rule 12(b)(6) because Plaintiffs have failed to make the requisite showing under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), that their constitutional rights were violated by a policy or custom of Mrs. Anderson or Williamson County. Plaintiffs have not identified any policy, practice or custom of Mrs. Anderson that deprived Plaintiffs of any right.

8. Plaintiffs cannot sustain an action against Mrs. Anderson under the Declaratory Judgment Act where their § 1983 claims against Mrs. Anderson fail as a matter of law.

17

9. Plaintiff ULC Monastery nor any of the individual Defendants can establish actionable harm caused by an act, failure to act, or threatened action by Mrs. Anderson.

10. This Court lacks supplemental jurisdiction over Plaintiffs' state law claims. Alternatively, this court should exercise its discretion to decline to entertain Plaintiffs' state law claims.

11. Plaintiffs cannot recover costs and attorneys fees as a prevailing party against Mrs. Anderson where she has not taken a position adverse to their request for declaratory or injunctive relief related to the subject statute, but rather has merely asserted her position that she is not a proper party as to whom such relief can be granted.

12. Plaintiffs cannot recover costs and attorney fees as a prevailing party against Mrs. Anderson where she is compelled by state law to presume the constitutionality of the challenged statute until declared void by an authoritative tribunal, and state law provides that she shall not be liable for acts related to this required presumption.

Now, having fully answered, Mrs. Anderson respectfully requests that all claims against her be dismissed with costs taxed to Plaintiffs.

Respectfully submitted,

/s/Lisa M. Carson
Lisa M. Carson, BPR No. 14782
Lee Ann Thompson, BPR No. 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorneys for Defendant Elaine Anderson, in her official capacity as County Clerk of Williamson County, Tennessee*
306 Public Square
Franklin, TN  37064
Telephone: (615) 794-8850
Email: lcarson@buergerlaw.com

# CERTIFICATE OF SERVICE

       I hereby certify that on the 26th day of September, 2019, a true and correct copy of the foregoing document was electronically filed utilizing the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below and on the electronic filing receipt.

Rocklan W. King, III
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, TN 37219
Phone: (615) 259-1450
Email: rocky.king@arlaw.com

Lucian T. Pera
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Phone: (901) 524-5278
Email: Lucian.pera@arlaw.com

Bruce E.H. Johnson
Ambika K. Doran
Robert E. Miller
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: (206) 622-3150
Email: brucejohnson@dwt.com
       ambikadoran@dwt.com
       robertmiller@dwt.com

Jeffrey G. Jones
Attorney for Wayne Nabors, in his official capacity as
Clerk of Putnam County, Tennessee
1420 Neal Street
Cookeville, TN 38501
jjones@wimberlylawson.com

Nicholas Christiansen
Attorney for Lisa Duke Crowell, in her official capacity as
Clerk of Rutherford County, Tennessee
16 Public Square North
Murfreesboro, TN 37133
nchristiansen@mborolaw.com

19

Case 2:19-cv-00049   Document 112   Filed 09/26/19   Page 19 of 20 PageID #: 764

Mary Neill Southerland
Attorney for William Knowles, in his official capacity as
Clerk of Hamilton County, Tennessee
204 Courthouse, 625 Georgia Avenue
Chattanooga, TN 37402
neills@hamiltontn.gov

Leslie Ann Bridges
Senior Deputy and Counsel to the
Attorney General of the State of Tennessee
301 6th Avenue North
Nashville, TN 37243
Leslie.Bridges@ag.tn.gov

Jonathan David Shaub
Assistant Solicitor General to the
Attorney General of the State of Tennessee
301 6th Avenue North
Nashville, TN 37243
Jonathan.shaub@ag.tn.gov

/s/Lisa M. Carson

20

Case 2:19-cv-00049    Document 112    Filed 09/26/19    Page 20 of 20 PageID #: 765