# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, ET AL. | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 2:19-cv-00049 |
| WAYNE NABORS, ET AL., | ) ) ) | Chief Judge Waverly Crenshaw Magistrate Judge Alistair Newbern |
| *Defendants*. | ) ) | |

## STATE DEFENDANTS' MOTION TO ENLARGE THE TIME FOR FILING PRETRIAL BRIEFS

Defendants Herbert H. Slatery III, in his official capacity as Attorney General and Reporter for the State of Tennessee; Jennings H. Jones, in his official capacity as District Attorney General for Rutherford County, Tennessee; Neal Pinkston, in his official capacity as District Attorney General for Hamilton County, Tennessee; Bryant C. Dunaway, in his official capacity as District Attorney General for Putnam County, Tennessee; Kim R. Helper, in her official capacity as District Attorney General for Williamson County, Tennessee; and Bill Lee, in his official capacity as Governor of the State of Tennessee ("State Defendants") respectfully move this Court to enlarge the time for filing pretrial briefs until after the resolution of the State Defendants' Motion to Dismiss the Second Amended Complaint on the grounds of the Eleventh Amendment and the State's sovereign immunity. An enlargement is also necessary because Plaintiff Welch has refused to cooperate in discovery; his counsel has moved to withdraw from his representation; and the State Defendants cannot proceed to the merits of the case until Welch's continuing participation in the case has been resolved and, if necessary, his discovery violations remedied.

The State Defendants ask that their pretrial brief be due no sooner than ten days after this Court rules on their pending motion to dismiss. *See* State Defs. Mot. to Dismiss, Doc. 115. Any other schedule would be, in effect, a denial of the State's claimed sovereign immunity before the Court has ruled on the pending motion. That is because, as this Court recognized, "the Eleventh Amendment 'confers an immunity from suit,'" Sept. 16 Order at 1, Doc. 109 (quoting *P. R. Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)), and thus "should be resolved 'at the earliest possible stage in litigation,'" *id.* at 1-2 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Forcing the State to file a pretrial brief on the merits of Plaintiffs' claims before the sovereign immunity claim has been resolved—and even before an answer to the complaint has been filed—is fundamentally inconsistent with the nature of the Eleventh Amendment and States' sovereign immunity. Because the existing case management order contemplates simultaneous briefing, the Court should extend the dates for the other parties' pretrial briefs as well. *See* Case Mgmt. Order, Doc. 67, ¶ L.

An enlargement of time is also necessary given Plaintiff Welch's willful discovery violation and the resulting motions filed this week. Welch failed to appear for his properly noticed deposition and has refused to communicate any explanation for that failure. *See* Mot. to Withdraw, Exh. A, Doc. 120-1. As a result, Plaintiffs' counsel has recently moved to withdraw from the representation of Plaintiff Welch. *See* Mot. to Withdraw, Doc. 120. And State Defendants and Defendant Nabors have moved to sanction Welch for his failure to attend his deposition and failure to provide any reason for doing so. *See* Mot. for Sanctions, Doc. 124. Additional time is thus needed to allow Welch to obtain new counsel, respond to the pending motions to dismiss and for sanctions, or indicate his unwillingness to continue this suit. If Welch remains in this suit, the State Defendants must be permitted to depose him prior to filing a pretrial brief.

2

As background for their motion, State Defendants would state as follows:

1. In its July 3, 2019 Order, the Court directed that no dispositive motions be filed without leave of the Court. Doc. 53.

2. The State subsequently filed three motions requesting leave to file a motion to for a lack of subject matter jurisdiction on the grounds of the Eleventh Amendment and other threshold jurisdictional issues. Defendant Slatery initially filed a motion for leave to file a motion to dismiss on Eleventh Amendment grounds on July 11, 2019. Doc. 56. After Plaintiffs requested leave to file a second amended complaint, all State defendants filed an unopposed motion for leave to file a motion to dismiss on Eleventh Amendment grounds on July 26, 2019. Doc. 78. On August 9, the Magistrate Judge terminated all motions for leave to file motions to dismiss because they remained pending and in light of new allegations in the second amended complaint relevant to the clerk defendants. Doc. 92. Thereafter, the State Defendants refiled a new unopposed motion for leave to file a motion to dismiss on Eleventh Amendment grounds on August 16, 2019. Doc. 99.

3. On September 6, 2019, the State Defendants filed an unopposed motion for a status conference. Doc. 109. In that motion, the State Defendants explained that "[a]t the case management conference, the Magistrate Judge set the applicable dates in a manner to allow for resolution of the immunity issue prior to any proceedings on the merits, aside from the limited discovery" to which the State had agreed. *Id.* at 4. The State Defendants stated, however, that it had become "more difficult, perhaps impossible" to adhere to the schedule that existed at that time due to the still-unresolved immunity issue. *Id.* The State asked for a conference to ascertain the status of its pending motion for leave to file a motion to dismiss and "to discuss the current trial schedule" in order to provide time for the threshold immunity issue to be resolved prior to any proceedings on the merits. *Id.* at 1.

3

4. On September 16, 2019, the Court granted the State Defendants' motion for leave to file a motion to dismiss and dismissed as moot the State Defendants' motion for a status conference. Sept. 16 Order. The Court's order did not address the trial schedule or its compatibility with the State Defendants' claim of immunity of from suit.

5. On September 24, 2019, the parties jointly moved to extend the deadline for the parties' initial pretrial briefs to be submitted to October 25, 2019, and their responsive briefs to November 22, 2019. Joint Motion for Enlargement of Time, Doc. 110. The Magistrate Judge granted that motion on September 26, 21019. Doc. 114.

6. On October 7, 2019, Plaintiffs' counsel moved to withdraw as counsel for Plaintiff Welch because he had failed to appear for his properly noticed deposition and cut off all communication with Plaintiffs' counsel. Mot. to Withdraw, Exh. A, Doc. 120-1.

7. On October 10, 2019, State Defendants and Defendant Nabors jointly moved to sanction Welch for his failure to appear by dismissing him from this action and to strike the declaration he submitted in support of Plaintiffs' motion for a temporary restraining order. Mot. for Sanctions, Doc. 124.

The existing pretrial schedule is inappropriate in two respects: (1) it does not allow sufficient time for the question of immunity to be resolved and (2) it prejudices the defendants by forcing them to proceed against a plaintiff who has refused to cooperate in discovery and whose status in the case is unclear. The pretrial briefs should be extended until these issues are resolved, for example, no fewer than ten days after this Court resolves State Defendants' pending motion to dismiss.

State Defendants should not be made to participate on the merits of the suit unless and until their claim to immunity has been adjudicated. To force them to do so would constitute, in effect,

4

a denial of immunity. *See Univ. of Texas at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) (granting a writ of prohibition vacating a district court's order treating state entities as parties subject to discovery without allowing them to raise an Eleventh Amendment defense); *Smith v. Reagan*, 841 F.2d 28, 31 (2d Cir. 1988) ("The failure of the district court to decide the State's [Eleventh Amendment immunity] motion does not alter the State's right to have an early determination of its claim of immunity. By holding the decision in abeyance pending the completion of all discovery in the case, the district court effectively denie[s] that right.").

When an immunity from suit, such as the Eleventh Amendment, has been raised, the court must resolve the question of immunity before further proceedings, unless the State entity consents to such proceedings. *See Everson v. Leis*, 556 F.3d 484, 491-92 (6th Cir. 2009); *Thom. Roth v. City of Hermitage*, 709 Fed. Appx. 733, 736 (3d Cir. 2017). As the Sixth Circuit has recognized, a district court's denial of a motion to delay further proceedings until an immunity issue is resolved, even if justified "on the basis of judicial economy," is "egregious." *Smith v. Leis*, 407 Fed. App'x 918, 925 (6th Cir. Feb. 10, 2011). Judicial economy "does not trump the requirement that the district court decide the issue of immunity . . . so that Defendants are not subject to further litigation that they sought to avoid by filing the motion [to dismiss]." *Id.*

The State has proceeded with limited discovery in this case in order to accommodate the Court and the other Parties and in light of the fact that some of the discovery is relevant to the threshold issues of immunity and subject matter jurisdiction. *See* State Defs. Mem. in Support of Mot. to Dismiss at 10 & n.1, 21, 23-24, Doc. 116 (citing deposition testimony in support of the immunity and jurisdictional arguments); *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 475 n.15 (6th Cir. 2008) (noting that deposition testimony may be relevant to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(1) on the grounds of Eleventh Amendment immunity).

5

Otherwise, the State Defendants have continued to reserve their right not to participate in the litigation until their claim of immunity has been resolved. *See* State Defs. Mot. for a Status Conf. at 3-5, Doc. 108. Ample precedent exists establishing that the issue of immunity must be resolved before the State is required to participate in further proceedings. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("In *Harlow* we said that '[u]ntil this threshold immunity question is resolved, discovery should not be allowed."); *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1988) ("The Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982))); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (a district court confronted with a claim of an immunity from suit is "obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided").

The Court's extension of the pretrial briefing until October 25 is likely insufficient to allow the State Defendants' motion to dismiss to be resolved before proceedings on the merits begin. That deadline represents only ten days after State Defendants' reply in support of their motion to dismiss is due. *See* Sept. 26 Order, Doc. 119. Under the current schedule, it is unlikely that the Court would be able to resolve the question of immunity before the State Defendants must start preparing for the proceedings on the merits, including by drafting a pretrial brief. Accordingly, the deadline for the State Defendants' brief—and, as a result, the other parties' briefs as well—should be tied explicitly to the Court's resolution of the State Defendants' motion to dismiss. Only that schedule will ensure that the State's immunity claim is not denied in effect before the Court has even ruled on the motion to dismiss.

A schedule under which the State Defendants' pretrial brief is due ten days or more after the Court rules on the immunity issue would ensure the State's immunity from suit is not rendered

meaningless. "[P]ermitting further litigation prior to ruling on the immunity claims [would] directly contradict[]" the Sixth Circuit's "mandate" that district courts should address properly raised claims of immunity in a manner that preserves the immunity claimed. *Smith*, 407 Fed. App'x at 926; *see also Roth v. City of Hermitage*, 709 Fed. App'x 733, 735-36 (3d Cir. Sept. 8, 2017) (holding the district court "effectively (if temporarily) denied" a claim of immunity from suit by refusing to decide it before proceeding to the merits); *McIntosh v. City and Cty. Of Denver*, 78 F.3d 597, 597 (10th Cir. 1996) (district court should stay proceedings until immunity issue is resolved); *Hegarty v. Somerset Cty.*, 25 F.3d 17, 17-18 (1st Cir. 1994) (granting an emergency request to stay a district court order directing the parties to proceed during the pendency of an interlocutory immunity appeal).

An enlargement of time has also become necessary because of Plaintiff Welch's refusal to cooperate in discovery and Plaintiffs' counsel's resulting decision to move to withdraw from his representation. *See* Mot. to Withdraw, Exh. A; Mem. in Support of Mot. for Sanctions at 2-3, Doc. 125. The State Defendants and Defendant Nabors have jointly moved to dismiss Welch from this case as a sanction for his refusal to appear at his properly noticed deposition and refusal to prosecute this case and to strike his declaration. Mot. for Sanctions, Doc. 124. It will thus take some time to establish the status of Welch, determine whether he will continue in this case, and allow him to retain new counsel. If he elects to continue with new counsel, he presumably will want to respond to the motion for sanctions and to the State Defendants' pending motion to dismiss. And if Welch remains a plaintiff, State Defendants, and at least some of the other defendants, cannot proceed to the merits of this case without first obtaining discovery of his testimony through a deposition. Defendants took the deposition of all other individual plaintiffs in this case, but have not had the opportunity to depose Welch. Plaintiffs to date have relied on allegations and statements related to Welch repeatedly as

7

support for their claims. *See, e.g.*, Mem. in Support of Mot. for Temp. Restraining Order at 3-4, 8-9, Doc. 12; Reply in Support of Motion for Temp. Restraining Order at 3-6, 10, Doc. 46. And Defendant Nabors denies the allegations related to Welch. *See* Nabors's Answer, Doc. 111. Defendants would be prejudiced by having to proceed to the merits of the case against Welch without having had an opportunity to obtain his sworn testimony. *See* Mem. in Support of Mot. for Sanctions at 5-6 (noting that the defendants cannot address the allegations in the complaint relevant to Plaintiff Welch without his sworn testimony).

An enlargement of time would thus allow for the resolution of the immunity question and the determination and disposition of Welch's status and the pending motions for withdrawal and sanctions. It would provide an opportunity to ascertain the status of Welch and, potentially, compel him to engage in discovery, in this case before proceeding to the merits.

Affixing the deadline for the State Defendants' pretrial brief—and, if the Court chooses the deadline for all the pretrial briefs—to the resolution of the question of immunity would not unduly delay this case or prejudice Plaintiffs. Most fundamentally, if the Court grants the State Defendants' motion to dismiss, that will eliminate the need for further proceedings with the State involved and may resolve the entire case.[1] Forcing the State Defendants to nevertheless prepare and file a pretrial brief on the merits before the Court reaches that resolution would be both inefficient and inconsistent with the fundamental purpose of immunity. Moreover, proceeding to the merits before Welch has

---

[1] The clerk defendants also sought leave to raise threshold arguments based on the Eleventh Amendment and this court's subject matter jurisdiction, but this Court denied their motion for leave to file a motion to dismiss based on those arguments. Doc. 109. Several of the State's threshold arguments may be equally applicable, or at least potentially applicable, to the clerk defendants as well. Accordingly, if this Court grants the State Defendants' motion to dismiss it could potentially resolve the entire case or at least lead Plaintiffs' to dismiss their claims against the clerks given the Court's ruling.

had the opportunity to retain new counsel and participate on the pending motions would potentially result in prejudice to him.

On the other hand, if the Court denies the State Defendants' motion to dismiss, the State has the right to appeal that denial immediately. *See Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010). And any such appeal would divest this Court of jurisdiction over the case. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspect of the case involved in the appeal."); *Kennedy*, 797 F.2d at 299-301 (immunity appeals are subject to same rules as other appeals); *Goshtasby v. Bd. of Trustees of Univ. of Ill.*, 123 F.3d 427, 427-29 (7th Cir. 1997) (district court lacked jurisdiction during interlocutory appeal on Eleventh Amendment grounds); *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (same with respect to qualified immunity).

There is thus no reason—and no rationale grounded in judicial economy—to force the State Defendants to participate on the merits of this case and prepare and file a pretrial brief before their claim to immunity has been resolved. Doing so would either be inefficient and inconsistent with immunity—if the motion to dismiss is ultimately granted—or ineffective in attempting to proceed to trial quickly—if the motion is denied—given the State's right to appeal immediately. Moreover, proceeding with haste despite the fact that Welch has refused to fulfill discovery obligations would prejudice defendants further. Even if Plaintiffs oppose any delay on the grounds that they would like this case to be resolved quickly, they are ultimately the ones at fault for the delay caused by Welch's refusal to engage in discovery. Plaintiffs cannot expect the defendants to proceed to the merits when they have declined to provide required discovery.

Plaintiffs, nevertheless, oppose this motion and ask this Court to proceed to the merits of the constitutional issues in this case despite the fact that (1) a complicated issue of sovereign immunity remains pending (and in fact has not yet been fully briefed), (2) no answer to the pleadings has been filed by State Defendants, (3) defendants have been improperly denied an opportunity to conduct material discovery by Plaintiffs, (4) a motion to withdraw as counsel for one plaintiff remains pending, and (5) a motion for sanctions against that plaintiff remains pending, to which no counsel exists to respond. Plaintiffs urge such haste on the grounds of pressing constitutional injury, despite the Court's order that the status quo remain in effect. July 3 Order. And their claim of an imminent need to resolve this case is severely undermined by the facts. As the State noted in its response to Plaintiffs' motion for a temporary restraining order, Plaintiffs' have expressly acknowledged the existence of their purported injury since at least 2015, and they should have known even earlier, in 1997. Resp. to Mot. for Temp. Restraining Order at 12-14, Doc. 42. Plaintiffs have only now brought suit, however, four years later. Moreover, Plaintiffs' own evidence submitted in its initial disclosures reaffirm that they have known about the State's interpretation of the law since 2015. Given the Court's order maintaining the status quo prior to the effective date of the new law, nothing has changed since 2015 with respect to Plaintiffs. Plaintiffs would thus not be prejudiced by a short delay to allow for the resolution of the immunity question and to determine the status and participation of Welch. And any prejudice is severely outweighed by the need to preserve the claimed immunity until resolved and to allow sufficient time to resolve the pending motions related to Welch.

State Defendants thus respectfully ask this Court to ensure the State's sovereign immunity is not undermined by a trial schedule that does not take into account its nature as a fundamental immunity from suit. Such an enlargement will also ensure the defendants are not prejudiced by the

10

failure of Plaintiff Welch to attend his deposition. And it will allow for the resolution of the other pending motions in this case related to Welch. State Defendants respectfully ask the Court to enlarge the time for filing at least the State Defendants' pretrial brief until no fewer than ten days after the Court rules on the State Defendants' motion to dismiss. If the Court chooses, the State Defendants have no objection to making all parties' pretrial briefs due at that time as well.

The State Defendants have conferred with the other parties about the relief sought in this motion as required by Local Rule 7.01. Plaintiffs have indicated that they oppose the relief sought. The other defendants do not oppose the relief sought.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

LESLIE ANN BRIDGES
Senior Deputy of Public Protection Section
and Counsel to the Attorney General

/s/ *Jonathan David Shaub*

JONATHAN DAVID SHAUB (BPR 035915)
Assistant Solicitor General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Tele: (615) 253-5642
jonathan.shaub@ag.tn.gov

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October 2019 I filed the foregoing electronically through the Court's CM/ECF System and thereby served the following:

Rocklan W. King III
ADAMS & REESE LLP
424 Church Street, Suite 2700
Nashville, TN 37219
Phone: (615)259-1450
Fax: (615) 259-1470
rocky.king@arlaw.com

Lucian T. Pera
ADAMS & REESE LLP
6075 Poplar Avenue, Suite 700
Memphis, TN 38119
Phone: (901) 524-5278
Fax: (901) 524-5378
lucian.peru@arlaw.com

Ambika K. Doran
Bruce E.H. Johnson
Robert E. Miller
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: (206) 622-3150
Fax: (206) 757-7700
brucejohnson@dwt.com
ambikadoran@dwt.com
robertmiller@dwt.com.

*Attorneys for Plaintiffs*

Lisa M. Carson
Lee Ann Thompson
BUERGER, MOSELEY & CARSON, PLC
306 Public Square
Franklin, TN 37064
Phone: (615) 794-8850
lcarson@buergerlaw.com
lthompson@buergerlaw.com

*Attorneys for Defendant Elaine Anderson*

Mary Neill Southerland
Rheubin Taylor
Sharon McMullan Milling
HAMILTON COUNTY ATTORNEY
204 Courthouse, 625 Georgia Avenue
Chattanooga, TN 37402
Telephone: (423) 209-6150
neills@hamiltontn.gov
rtaylor@hamiltontn.gov
sharonm@hamiltontn.gov

*Attorneys for Defendant William Knowles*

Nicholas C. Christiansen
Daniel W. Ames
COPE, HUDSON, REED & McCREARY, PLLC
16 Public Square North
Murfreesboro, TN 37133
Telephone: (615) 893-552
Fax: (615) 849-2135
nchristiansen@mborolaw.com
dames@mborolaw.com

*Attorneys for Defendant Lisa Duke Crowell*

Jeffrey G. Jones
WIMBERLY, LAWSON, WRIGHT, DAVES, & JONES, PLLC
P.O. Box 655
1420 Neal Street
Cookeville, TN 38501
(931) 372-9123
jjones@wimberlylawson.com

*Attorney for Defendant Wayne Nabors*


*s/ Jonathan David Shaub*
Jonathan David Shaub