UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WAYNE NABORS, in his official capacity, *et al.* )<br>)<br>Defendants. ) | No. 2:19-cv-00049 |

## ORDER

In accordance with the discussions at the status conference on February 9, 2023, the Court confirms the following:

(1) A bench trial will be held beginning at 9:00 on **August 15, 2023** and is expected to last two days or less. Counsel shall promptly inform their clients of this date, as well as this Court's standing rule that all counsel of record and each party shall be at trial every day. By motion and for good cause shown, the Court may entertain deviating from that rule in this case;

(2) The Pretrial Conference will be held at 1:00 p.m. of **July 10, 2023**;

(3) Trial briefs shall be filed by **August 1, 2023**, with a section devoted to the relief Plaintiffs seek and what impact a ruling in their favor will or will not have on those individuals not before the Court;

(4) On or before **February 28, 2023**, Defendants shall filed a motion requesting leave to file pretrial motions or a notice indicating that no pretrial motions will be filed. If Defendants seek leave to file one or more motions, they shall (1) identify the type and topic of the motion; (2) address why that motion needs to be filed in light of the upcoming bench trial; and (3) indicate how the motion

advances this case towards ultimate resolution and is in conformity with the Sixth Circuit's ruling;

(5) Also by **February 28, 2023**, Plaintiffs may file a motion seeking leave to add additional Defendants recognizing, of course, that this case is now more than three years old and the case is set for trial in six months;

(6) Before filing any of the foregoing, all counsel shall meet in person and have a good faith discussion about the issues addressed at the status conference keeping in mind that, generally speaking, a federal court "will not decide a constitutional question if there is some other ground upon which to dispose of the case." Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205, 129 S. Ct. 2504, 2513 (2009).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE