UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, ERIN PATTERSON, GABRIEL BISER, <br><br>Plaintiffs, <br><br>v. <br><br>WAYNE NABORS in his official capacity as County Clerk of Putnam County, Tennessee, <br>JENNINGS H. JONES, in his official capacity as District Attorney General for Rutherford County, <br>COTY WAMP, in her official capacity as District Attorney for Hamilton County, Tennessee, <br>BRYANT C. DUNAWAY, in his official capacity as District Attorney for Putnam County, <br><br>Defendants. | NO. 2:19-cv-00049 |

## JOINT PRETRIAL ORDER

**1.  Statement on Order Supplanting Pleadings**

The pleadings are amended to conform to this Pretrial Order, and this Pretrial Order supplants the pleadings.

**2.  Plaintiffs' Statement of the Case**

Plaintiffs filed this lawsuit seeking injunctive relief and a declaratory judgment that Tennessee Code Ann. § 36-3-301(a)(2), as amended by 2019 Public Chapter 415 ("the Act"), violates the federal and state constitutions, as well as an order enjoining enforcement of the statute. Under existing law, a minister may not solemnize a marriage unless he or she is ordained by a "considered, deliberate, and responsible act." The Act clarifies that this prohibition means that

1

ministers with "online ordinations may not solemnize the rite of matrimony." The State has also suggested that Tennessee Code Ann. § 36-3-301(a)(1) independently forbids ULC Monastery ministers from solemnizing marriages.

Ministers who violate the Act could face liability for "falsely" representing to the State that they have solemnized a marriage here, *see* Tenn. Code Ann. § 39-16-504(a), and couples who nonetheless choose to have such ministers perform their weddings would risk invalidation of their marriages.

The Act violates Plaintiffs' First Amendment rights to select their religion without discrimination, freely exercise their religion, and speak freely. It also violates Plaintiffs' Fourteenth Amendment rights to equal protection and due process of law, and subjects Plaintiffs to an unconstitutional religious test. It is subject to strict scrutiny, but even if it were not, lacks a rational basis.

Defendant Nabors is empowered "to record and certify any license used to solemnize a marriage that is **properly signed by the officiant** when such license is returned to the issuing county clerk." Tenn. Code Ann. § 36-3-103 (c)(1) (emphasis added). Defendant Nabors therefore has the power to enforce the Act and to refuse to record and certify marriages performed by ministers ordained by the ULC Monastery. Discovery has demonstrated that Nabors has exercised that power. Nabors does not dispute that he, along with his staff, told at least one couple—Timeaka Farris and Gale Plumm—that the State of Tennessee prohibits ULC Monastery ministers from officiating weddings in Tennessee.

The State Defendants—Jones, Wamp, and Dunaway—are empowered and obligated to bring felony charges under Tenn. Code Ann. § 39-16-504(a) against ULC Monastery ministers who solemnize marriages the Act does not authorize them to solemnize. *See Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1028, 1034, 1036-37 (6th Cir. 2022). The State

Defendants have refused to foreswear prosecuting ULC Monastery ministers under this authority, including Plaintiffs Patterson and Biser, in any manner carrying the force of law.

Plaintiffs including Plaintiff ULC Monastery's members wish to solemnize weddings in Tennessee and specifically within Defendants' jurisdictions in the future. They are currently foregoing holding themselves out as available to provide solemnizations as a result of the uncertainty surrounding the Act. Absent relief invalidating Tenn. Code Ann. § 36-3-301(a)(2) and enjoining Defendants from enforcing it—including through "collateral[]" criminal penalties under Tenn. Code Ann. § 36-3-103 (c)(1), *Nabors*, 35 F.4th at 1035—Plaintiffs will continue to suffer irreparable injuries.

3. **Defendants' Statements of the Case**

    A. **State Defendants**

There is no need for the Court to reach the issue of the constitutionality of the statute atissue here because none of the Plaintiffs have standing to sue. There has not been, and there is no threat of, prosecution – there is no credible threat of prosecution. Section 36-3-301(a)(2) does not contain a criminal enforcement mechanism. Also, Plaintiffs do not face the threat of criminal prosecution under the plain terms of Tenn. Code Ann. § 39-16-504(a) because they are not required to make false statements when signing and dating marriage licenses. Plaintiffs' reading of the holdings in the Sixth Circuit opinion are incorrect. Further, because none of the State Defendants have, or have threatened to, enforce the statute at issue, the State Defendants are entitled to sovereign immunity. Plus, these claims are not ripe for review.

Even if Plaintiffs get to the issue of constitutionality of the statute, the statute is constitutional. The statute does not violate Free Speech– An ordination or a solemnization are not "speech." And, the statue is content-neutral and advances important government interests. The statute does not violate Free Exercise – the statute is a valid, neutral law governing a subject that

3
Case 2:19-cv-00049   Document 328   Filed 08/07/23   Page 3 of 8 PageID #: 3890

the State is entitled to regulate. The statute does not compel anyone to do or refrain from doing an act forbidden or required by their religion. Nor does the statute compel anyone to affirm or disavow a belief forbidden or required by one's religion. The statute does not violate the Establishment Clause – the State has historically regulated the persons who may solemnize marriage. It is not subject to strict scrutiny and has a rational basis.

The statute does not violate the Plaintiffs' Procedural or Substantive Due Process rights. There is no protected liberty right or property interest in performing marriage ceremonies. The statute does not violate the Equal Protection clause.

The statute does not establish a religious test for office. The U.S. Constitution provision does not apply because that only applies to federal offices. The State Constitution does not apply because ministers do not hold a position of "public trust." Plus, the statute does not require an individual to adhere to any specific religious belief or practice.

### B. Defendant Wayne Nabors

County Clerk Nabors takes no position in support of, or in opposition to, Plaintiffs' claims regarding the constitutionality of the 2019 amendment to Tenn. Code Ann. § 36-3-301. In addition, the County Clerk would aver that he is not a proper party to this action. Plaintiffs have not pled sufficient facts to state a plausible Section 1983 claim against the County Clerk, who is sued in his official capacity.

Plaintiffs have not identified any action, inaction or omission of the County Clerk causing any deprivation of Plaintiffs' rights, nor even any authority possessed by the County Clerk to take such action in the future. Plaintiffs' claims are not ripe for review. Plaintiffs cannot satisfy the requirements of *Monell* where they cannot articulate any policy, practice or custom of the County Clerk that caused any deprivation of Plaintiffs' rights. Accordingly, all claims for damages and/or injunctive relief, under Section 1983 should be dismissed, as should all claims for court costs and

attorney fees under Section 1988.

With respect to the Declaratory Judgment claims, Plaintiffs have not presented a justiciable claim against the County Clerk because they cannot identify a causal connection between any action of the County Clerk and any deprivation of rights. There are no allegations that the County Clerk ever took any action after the amendment of the statute which caused any deprivation of Plaintiffs' rights. Further, this action does not present an actual controversy as to the County Clerk because he does not have a legal interest in the outcome. It appears that the sole basis for joining the County Clerk in this action are the requirements of Tenn. Code Ann. §§ 18-6-109, 36-3-103(c) and 36-3-303 that one who solemnizes the rite of matrimony shall endorse the fact and time of the marriage on the marriage license, sign same, and return it to the County Clerk, and that the Clerk shall record and certify the record. The County Clerk has no authority to refuse to record and certify marriages performed by ministers ordained by the ULC Monastery. At no time has the County Clerk ever refused to record and certify marriages performed by ministers ordained by the ULC Monastery. The County Clerk acts on the State's behalf when issuing and processing marriage licenses. When fulfilling his statutory duties related to marriage licensing and recording, the County Clerk acts as a state official pursuant to the statutory requirements of the marriage-licensing laws of the State of Tennessee, with no leeway or say whatsoever with regard to what must be done when issuing and recording marriage licenses. There is no provision of 2019 state law requiring the County Clerk to inquire into the officiant's compliance with the criteria of the statute, nor any provision of law authorizing the County Clerk to penalize an individual who does not meet the criteria. The County Clerk does not have any power to enforce the 2019 law.

**4.     Jurisdiction**

Plaintiffs contend that subject-matter jurisdiction in this Court is proper because the dispute arises from federal law, 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state

5

constitutional claims pursuant to 28 U.S.C. § 1367. Plaintiffs contend the Sixth Circuit found they have standing to bring their claims against the named Defendants, and held that these Defendants are not immune from suit under the Eleventh Amendment. *See Nabors*, 35 F. 4th at 1042

State Defendants contend that their arguments regarding constitutional standing and sovereign immunity, which are discussed above, are jurisdictional.

5. **Issues Presented to the Court**

    A. **Plaintiffs**

Whether Tenn. Code Ann. § 36-3-301, as amended by 2019 Public Chapter 415, is unconstitutional under the U.S. and Tennessee Constitutions, facially and as-applied to ULC Monastery and its ministers, including those provisions that state:

- (i) "[S]uch customs must provide for such ordination or designation by a considered deliberate, and responsible act."
- (ii) "Persons receiving online ordinations may not solemnize the right of matrimony."
- (iii) "All regular ministers … having the care of souls … may solemnize the rite of matrimony" State Defendants disagree with this proposed issue, and contend it was not raised in the Complaint.

    B. **State Defendants**

The State Defendants present the following issues:

- (i) Whether Plaintiffs have standing to bring suit against the State Defendants.
- (ii) Whether the State Defendants are entitled to sovereign immunity.
- (iii) Whether the claims of the Plaintiffs are ripe for review.
- (iv) Whether the Plaintiffs' claims relating to the part of the statute that states that, "such customs must provide for such ordination or designation by a considered, deliberate, and responsible act" are barred by the applicable

     statute of limitations.

   (v)  Whether the statute is constitutional.

**C. Defendant Nabors**

Defendant Nabors presents the following issues:

   (i)  Whether the Plaintiffs can establish a practice, policy or custom of the County Clerk that violates the rights of Plaintiffs under the Tennessee or U.S. Constitutions.

   (ii)  Whether Plaintiffs have standing with respect to any claim against the County Clerk.

   (iii)  Whether the claims of Plaintiffs against the County Clerk are ripe for adjudication.

   (iv)  Whether the Plaintiffs can meet the standard for recovery of attorneys' fees or costs against the County Clerk.

**6. Relief Sought**

Plaintiffs respectfully ask that the Court: (1) enjoin and declare invalid Tenn. Code Ann. § 36-3-301, to the extent it prevents ULC Monastery ministers from solemnizing legally valid marriages; and (2) enjoin the Defendants from enforcing or interpreting Tenn. Code Ann. § 36-3-301 in any manner that would prevent or deter ULC Monastery ministers from solemnizing legally valid marriages.

The State Defendants ask the Court to dismiss this action for lack of standing, because the State Defendants have sovereign immunity, and the cases are not ripe for review. In the alternative, for the Court to find that the statute is constitutional.

Defendant County Clerk Nabors asks the Court to dismiss this action for lack of standing, because the County Clerk has sovereign immunity, and the cases are not ripe for review.

7. **Anticipated Evidentiary Disputes**

The State Defendants moved to exclude the trial testimony of Plaintiffs' expert witness, Rev. Dr. J. Gordon Melton, PhD. *See* ECF 298. Plaintiffs opposed that motion. *See* ECF 301.

Defendant County Clerk Nabors previously filed a Motion in Limine to exclude Plaintiff's use of the Declaration of James Welch as evidence at trial. *See* ECF 127. The Court denied that motion without prejudice. *See* ECF 204. If Defendant Nabors files another motion renewing its request, Plaintiffs reserve the right to oppose that motion.

State Defendants also oppose various materials that Plaintiffs have indicated that they might try to introduce such as various newspaper articles, declarations, affidavits, a timeline of mythology and religion, a PowerPoint presentation on ULC ministries, and Tennessee Attorney General Opinions. State Defendants oppose those proposed exhibits.

8. **Estimated Trial Length**

1-2 days.

IT IS SO ORDERED.

_____
Waverly D. Crenshaw, Jr.
Chief United States District Judge