UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation; ERIN PATTERSON, an individual; and GABRIEL BISER, an individual, <br><br> **Plaintiffs**, <br><br> v. <br><br> WAYNE NABORS, in his official capacity as County Clerk of Putnam County, Tennessee; JENNINGS H. JONES, in his official capacity as District Attorney General for Rutherford County; COTY WAMP, in her official capacity as District Attorney General for Hamilton County; and BRYANT C. DUNAWAY, in his official capacity as District Attorney General for Putnam County. <br><br> **Defendants**. | Case No. 2:19-cv-00049 |

**STIPULATION AND ORDER OF DISMISSAL AS TO THE DEFENDANT WAYNE NABORS, IN HIS OFFICIAL CAPACITY AS COUNTY CLERK OF PUTNAM COUNTY, TENNESSEE**

Plaintiffs, the Universal Life Church Monastery Storehouse (ULCM), Erin Patterson, and Gabriel Biser, on one hand, and Defendant Wayne Nabors, in his official capacity as County Clerk of Putnam County, Tennessee ("Nabors") stipulate as follows:

1. Without the Court making any determination as to the liability of the Defendant Nabors in this action, the Defendant Nabors takes the position that he has no legal authority to speak to the constitutionality of the statute that is the subject of this lawsuit.

1

2. Nabors, in his official capacity, recognizes that a governmental policy or practice that denies, discourages, or otherwise chills the religious practice of the Universal Life Church and its ministers could in the future be the subject of a constitutional challenge under the 1st and 14th Amendments to the United States Constitution.

3. Until the Tennessee General Assembly changes the law that is the subject of this action, the Defendant Nabors, in his official capacity, shall ensure that his employees and agents are trained and directed to not deny, discourage or chill the Universal Life Church's religious practice, specifically by not communicating to members of the public that a Universal Life Church minister cannot lawfully solemnize a marriage solely on the basis of the minister's affiliation and/or ordination with the Universal Life Church.

4. The parties agree that any actions taken by the Defendant Nabors in this action were taken as a "state actor" and agree for all purposes herein is a "state actor".

5. The Plaintiffs agree that they will dismiss any claims for attorney fees and costs as to the Defendant Nabors in this action.

6. As to the Defendant Nabors, this matter and all claims therein shall be dismissed with prejudice.

The Court makes a FINDING that the parties have made these stipulations. Based on these stipulations, the parties agree to dismiss this lawsuit. It is therefore ORDERED, ADJUDGED, and DECREED that this case shall be dismissed with prejudice.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE